IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PHALANZA S. FRANCISCO                                                                                    PLAINTIFF

vs.                                          Civil No. 4:19-cv-04058

COOPER TIRE & RUBBER COMPANY                                                            DEFENDANT

### REPORT AND RECOMMENDATION
### OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion for Partial Judgment on the Pleadings. ECF No. 10. Defendant filed this Motion on July 2, 2019. *Id.* With this Motion, Defendant requests the Court dismiss the retaliation claim Plaintiff has raised. *Id.* Plaintiff has not responded to this Motion, and the time to respond has expired. *See* Local Rule 7.2(b).

Defendant argues Plaintiff's claim of retaliation should be dismissed because Plaintiff did not exhaust his administrative remedies prior to filing this claim, and "Plaintiff's EEOC charge does not give notice of a retaliation claim." ECF No. 10 at 1. In support of its argument, Defendant has attached as Exhibit A the Charge of Discrimination. ECF No. 10-1.

Upon review of Plaintiff's Charge of Discrimination, Plaintiff specifically *did not* check the "retaliation" box. ECF No. 10-1. Instead, Plaintiff only checked the "race" box for the discrimination he alleges. *Id.* It is well-established law that Plaintiff was required to exhaust administrative remedies prior to filing his retaliation claim by filing an administrative charge with the Equal Employment Opportunity Commission that gave notice of the retaliation claim. *See Cottrill v. MFA, Inc.,* 443 F.3d 629, 634 (8th Cir. 2006) (recognizing "[a] claimant must first timely file an administrative charge with the EEOC"). As the Eighth Circuit has held, "[p]ermitting claims to be brought in court which are outside the scope of the EEOC charge would circumscribe the

EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge." *Id.*

Because Plaintiff did not exhaust his administrative remedies as to his retaliation claim prior to filing this lawsuit, the Court finds this Motion should be **GRANTED,** and Plaintiff's retaliation claim be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See generally Rowden v. Warden,* 89 F.3d 536, 537-38 (8th Cir. 1996) (finding that a court must dismiss for lack of subject matter jurisdiction if plaintiff fails to exhaust administrative remedies without cause).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**IT IS SO ORDERED this 30th day of July 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE