IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PHALANZA S. FRANCISCO                                                PLAINTIFF

v.                            Civil No. 4:19-cv-4058

COOPER TIRE & RUBBER COMPANY                           DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed July 30, 2019, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 12). Judge Bryant recommends that the Court grant Defendant Cooper Tire & Rubber Company's motion for partial judgment on the pleadings and dismiss Plaintiff Phalanza S. Francisco's retaliation claim. Plaintiff has filed timely objections to the Report and Recommendation. (ECF No. 13). The Court finds the matter ripe for consideration.

### I. BACKGROUND

This case arises from allegations of discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff is an African American who was formerly employed by Defendant. He alleges that on September 6, 2018, he got into an online argument with a white supervisor regarding the act of kneeling during the national anthem and the police's treatment of African Americans. Plaintiff alleges further that on September 19, 2018, Defendant terminated his employment based on another co-worker's false statement that Plaintiff threatened him with a gun and made sexually explicit remarks to him.

Plaintiff alleges that he filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC") in February 2019, and that he received a right to sue letter

from the EEOC on March 15, 2019.[1] On May 29, 2019, Plaintiff filed this Title VII case *pro se*, asserting claims of racial discrimination and retaliation.

On July 2, 2019, Defendant filed a motion for partial judgment on the pleadings. (ECF No. 10). Defendant contends that Plaintiff failed to exhaust his administrative remedies with respect to his retaliation claim because he did not check the "retaliation" box on his EEOC administrative charge and because the information Plaintiff provided on the charge form does not otherwise give notice of a retaliation claim. From this, Defendant argues that the Court lacks subject matter jurisdiction to hear Plaintiff's retaliation claim and, thus, the Court should dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(1).

Pursuant to 28 U.S.C. § 636(b)(1), the Court referred Defendant's motion to Judge Bryant for consideration and to prepare a Report and Recommendation thereon. On July 30, 2019, Judge Bryant issued the instant Report and Recommendation. Judge Bryant finds that Plaintiff's EEOC charge fails to give Defendant notice of a retaliation claim and, thus, Plaintiff failed to exhaust his administrative remedies as to that claim. Accordingly, Judge Bryant recommends that the Court dismiss Plaintiff's retaliation claim pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

On August 12, 2019, Plaintiff filed objections to the Report and Recommendation.[2] Plaintiff does not appear to dispute that he failed to check the "retaliation" box on his EEOC charge. Rather, Plaintiff states that this is because, at the time of his termination, he did not fully understand why he had been fired and, thus, an EEOC charge officer advised him to only check

---

[1] Plaintiff attached his EEOC charge form to his complaint. The charge indicates that it was received by the EEOC on March 15, 2019, rather than February 2019. Plaintiff did not attach his right to sue letter from the EEOC. However, any factual discrepancy created by the charge form is immaterial for purposes of deciding the instant motion.

[2] Plaintiff attached various documents to his objections, including online and text-message communications between himself and others, records from his employment file, and unemployment records.

the "race discrimination" box on the charge form. Plaintiff also states that he feels he has fully exhausted his administrative remedies because he received no help from his union representatives and does not have legal counsel. Accordingly, Plaintiff asks the Court to deny Defendant's motion and allow him to proceed further on his retaliation charge.

## II.  DISCUSSION

When reviewing a magistrate judge's Report and Recommendation, "the specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Moreover, even if objections are non-specific, "full *de novo* review" may still be appropriate if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (requiring *de novo* review when the record was "strikingly brief" and magistrate judge did not conduct a hearing). Giving Plaintiff's timely objections a liberal construction, the Court finds that they are specific enough to warrant *de novo* review, particularly considering the sparse record in this case.

Upon *de novo* review and for the reasons set forth below, the Court reaches the same conclusion as Judge Bryant—that Plaintiff's retaliation claim should be dismissed—but does so for different reasons than those articulated in the Report and Recommendation. To explain, the Court will first address Defendant's argument that the Court lacks subject matter jurisdiction over Plaintiff's retaliation claim. The Court will then discuss why Plaintiff's retaliation claim should be dismissed.

**A. Subject Matter Jurisdiction**

Title VII establishes an administrative procedure that a complaining employee must follow before filing a lawsuit in federal court. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). "In other words, an employee cannot bring a discrimination claim without first exhausting his or her administrative remedies." *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999).

Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989). To exhaust administrative remedies, an individual must: (1) timely file a charge of discrimination with the EEOC, setting forth the facts and nature of the charge, and (2) receive notice of the right to sue from the EEOC. 42 U.S.C. §§ 2000e-5(b), (c), (e). Once an individual receives notice of the right to sue, he has ninety days in which to file suit. 42 U.S.C. § 2000e-5(f)(1).

Until recently, caselaw within the Eighth Circuit appeared in conflict with itself regarding whether a Title VII plaintiff's failure to exhaust administrative remedies deprived the court of subject matter jurisdiction over the claim. *Compare Mohr v. Dustrol, Inc.*, 306 F.3d 636, 643 (8th Cir. 2002) (noting "[i]t is well-settled that exhaustion of administrative remedies is a jurisdictional prerequisite to a private civil action under Title VII"), *abrogated on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), *with Edwards v. Dep't of the Army*, 708 F.2d 1344, 1346-47 (8th Cir. 1983) ("Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). Perhaps as a result, Rule

12(b)(1) motions to dismiss[3] Title VII claims for failure to exhaust administrative remedies have met mixed results in district courts within the Eighth Circuit. *Compare Barber v. Drury Inn Convention Ctr.*, No. 4:14-cv-319 TIA, 2014 WL 1516159, at *1-2 (E.D. Mo. Apr. 17, 2014) (granting Rule 12(b)(1) motion because the plaintiff failed to exhaust administrative remedies on Title VII claim before filing suit), *and Flood v. WNC Cloud Merger Sub, Inc.*, Case No. 3:07-cv-3019-JLH, 2008 WL 912906, at *1-3 (W.D. Ark. Apr. 3, 2008) (same), *with Bad Wound v. Zinke*, No. 18-CV-0369 (WMW/ECW), 2019 WL 1060819, at *2 n.2 (D. Minn. Mar. 6, 2019) (rejecting a Rule 12(b)(1) argument after finding that failure to exhaust administrative remedies is not a jurisdictional requirement for Title VII cases).

However, this summer, the United States Supreme Court authored the definitive word on the issue, holding in a unanimous opinion that Title VII's charge-filing requirement is "a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *See Fort Bend Cnty., Tex. v. Davis*, ___ U.S. ___, 139 S. Ct. 1843, 1850-51 (2019). In so holding, the Supreme Court lamented its prior "[misuse of] the term 'jurisdictional' to refer to nonjurisdictional prescriptions" and stated that "[p]assing references to Title VII's charge-filing requirement as 'jurisdictional' in prior Court opinions . . . display the terminology employed when the Court's use of 'jurisdictional' was 'less than meticulous.'" *Id.* at 1849 n.4. Accordingly, *Fort Bend* instructs that Title VII's statutory provisions containing the charge-filing requirement "[do] not speak to a court's authority or refer in any way to the jurisdiction of the courts." *Id.* at 1850-51.

Defendant argues that the Court lacks subject matter jurisdiction to hear Plaintiff's retaliation claim because he failed to exhaust his administrative remedies on that claim. However,

---

[3] If a federal court does not have subject matter jurisdiction over a given case, the case must be dismissed pursuant to Rule 12(b)(1). *See Williams v. Cnty. of Dakota, Neb.*, 687 F.3d 1064, 1067 (8th Cir. 2012).

*Fort Bend* rejects that argument. A plaintiff's failure to comply with the Title VII charge-filing requirement has no impact on a district court's subject matter jurisdiction. *Id.* As such, the Court has subject matter jurisdiction to hear Plaintiff's retaliation claim, even if the Court assumes *arguendo* that he did not exhaust his administrative remedies on that claim. *See Morris v. Mich. Auto. Compressor, Inc.*, No. CV 18-12847, 2019 WL 2566680, at *1 (E.D. Mich. June 21, 2019) (finding, in light of *Fort Bend*, that failure to exhaust administrative remedies before filing a Title VII case is not determinative of whether subject matter jurisdiction exists). Accordingly, the Court finds that Defendant's argument on subject matter jurisdiction necessarily fails.

**B. Failure to State a Claim Upon Which Relief May be Granted**

As stated above, the Court has found that Plaintiff's retaliation claim cannot be dismissed pursuant to Rule 12(b)(1). However, this finding is not dispositive of the issue before the Court. Although Defendant incorrectly characterizes Title VII's claim-processing rules as implicating the Court's subject matter jurisdiction, Defendant is nonetheless correct that Plaintiff's retaliation claim cannot be based on unexhausted incidents. *Fort Bend*, 139 S. Ct. at 1851 ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one."). Indeed, the Eighth Circuit has affirmed the dismissal of Title VII claims for lack of exhaustion for failure to state a claim upon which relief may be granted. *See Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 801 (8th Cir. 2011).

Defendant's Rule 12(c) motion not only contains the Rule 12(b)(1) standard, but also sets out the Rule 12(b)(6) standard for failure to state a claim upon which relief may be granted. Thus, it appears that Defendant also argues that Plaintiff has failed to state a retaliation claim upon which relief may be granted. To the extent that it has not, the Court will construe Defendant's motion as making that argument. *See Carter v. Montgomery Cnty., Md.*, No. CV TDC-18-2249, 2019 WL

3804765, at *2 (D. Md. Aug. 13, 2019) (construing a Rule 12(b)(1) motion as a Rule 12(b)(6) motion in light of *Fort Bend*); *Laster v. NAI, The Michael Companies*, No. CV TDC-18-3200, 2019 WL 3208060, at *2 (D. Md. July 16, 2019) (same).

A party may move for judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, courts apply the same legal standard used for a motion to dismiss under Rule 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A pleading must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and to survive a Rule 12(b)(6) motion, a complaint need only state factual allegations sufficient to raise a right to relief above the speculative level that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a charge of discrimination "need not specifically articulate the precise claim, it must nevertheless be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim." *Humphries v. Pulaski Cnty. Special Sch. Dist.*, 580 F.3d 688, 697 (8th Cir. 2009) (internal quotation omitted). "Because persons filing charges with the EEOC typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of Title VII." *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). Therefore, the scope of an ensuing Title VII action is not necessarily limited to the specific allegations made in the EEOC charge. *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 886 (8th Cir. 1998). Rather, "the sweep of the administrative charge is as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of

7

discrimination*."* *Simmons v. New Pub. Sch. Dist. No. Eight*, 251 F.3d 1210, 1216 (8th Cir. 2001) (internal quotation marks omitted). Thus, "[a] plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Allegations outside of this scope circumvent the investigative and conciliatory EEOC process and deprive the charged party of notice of the charge. *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004). Thus, dismissal for failure to exhaust administrative remedies is proper if the plaintiff only charges certain forms of discrimination without ever hinting at another claim. *Williams*, 21 F.3d at 223.

"[I]t is well established that retaliation claims are not reasonably related to underlying discrimination claims." *Wallin v. Minn. Dep't of Corr.*, 153 F.3d 681, 688 (8th Cir. 1998). Thus, an unexhausted retaliation claim will not be considered unless it "grew out of the discrimination charge he filed with the EEOC." *Wentz v. Md. Cas. Co.*, 869 F.2d 1153, 1154 (8th Cir. 1989) (holding that district court may hear a retaliation claim when the plaintiff was retaliated against for filing an EEOC charge that alleged only discrimination).

The Court has taken judicial notice of Plaintiff's EEOC charge form.[4] As Judge Bryant notes, Plaintiff failed to check the "retaliation" box on his EEOC charge form. Indeed, in his objections to the instant Report and Recommendation, Plaintiff concedes that he did not check the "retaliation" box on the EEOC charge form. He explains that he did not do so because he was

---

[4] When reviewing a Rule 12(c) motion, the Court may take judicial notice of items in the public record and consider documents that do not contradict the complaint and/or that are attached to the complaint. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992). Plaintiff's EEOC charge was attached to his complaint and likewise falls within the public record. Thus, the Court may consider the charge when deciding the instant motion. The Court has not considered Plaintiff's exhibits to his objections because they do not fall under any of the above-mentioned categories.

unsure of the reason Defendant terminated him and because an EEOC charge officer advised him to only check the "race discrimination" box on the charge form.

As discussed above, though, the Court's analysis cannot end with Plaintiff's failure to check the "retaliation" box on his EEOC charge. "It is well-settled that merely checking a box, or failing to check a box, does not necessarily control the scope of the [EEOC] charge. The more critical analysis is whether there is any explanation or description supporting a particular claim." *Thomas v. Ameren U.E.*, No. 4:17-cv-2878-SNLJ, 2018 WL 5078361, at *1 (E.D. Mo. Oct. 18, 2018), *appeal docketed*, No. 18-3506 (8th Cir. Nov. 27, 2018).

The Court has reviewed Plaintiff's EEOC charge and finds that, given the straightforward and limited allegations set forth therein, the charge could not lead the EEOC to investigate whether Plaintiff was subjected to retaliatory conduct. Plaintiff's EEOC charge contains no information that, when charitably viewed, indicates that he engaged in statutorily protected activity or that he suffered an adverse employment action as a result. *See Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (stating the elements of a Title VII retaliation claim). Additionally, Plaintiff's retaliation claim is "not reasonably related to [his] underlying discrimination claim[]," *Wallin*, 153 F.3d at 688, and Defendant terminated Plaintiff's employment months before he filed the EEOC charge, so it cannot be said that the unexhausted retaliation claim "grew out of the discrimination charge he filed with the EEOC." *Wentz*, 869 F.2d at 1154.

Although the Court must "liberally construe an administrative charge for exhaustion of remedies purposes, . . . there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (internal quotation marks omitted). Plaintiff's EEOC charge

9

simply contains no information that would put Defendant or the EEOC on notice of a possible retaliation claim. *Humphries*, 580 F.3d at 697. Thus, the Court finds that Plaintiff has failed to exhaust his administrative remedies as to his retaliation claim. Accordingly, judgment on the pleadings is properly granted as to that claim. *See Reeve v. Oliver*, 41 F.3d 381, 383 (8th Cir. 1994) ("[D]ismissal is appropriate . . . if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations.").

### III. CONCLUSION

Upon *de novo* review and for the above-stated reasons, the Court finds that Plaintiff has offered neither fact nor law which justifies the Court departing from the Report and Recommendation. Accordingly, the Court overrules Plaintiff's objections and hereby adopts the Report and Recommendation (ECF No. 12) to the extent that it recommends dismissal of Plaintiff's retaliation claim. Defendant's motion for partial judgment on the pleadings (ECF No. 10) is hereby **GRANTED**. Plaintiff's retaliation claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 20th day of August, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge