# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# TEXARKANA DIVISION

PHALANZA S. FRANCISCO                                                                   PLAINTIFF

vs.                              Civil No. 4:19-cv-04058

COOPER TIRE & RUBBER COMPANY and
UNITED STEEL WORKERS LOCAL 752                                                        DEFENDANTS

## PROTECTIVE ORDER OF CONFIDENTIALITY

Before the Court is Defendant Cooper Tire & Rubber Company's Motion for Protective Order. ECF No. 24. Plaintiff has been notified of this Motion for Protective Order, and he has not responded. Plaintiff's time to respond to this Motion has expired. *See* Local Rule 7.2(b).

Upon review, the Court finds this Protective Order is reasonable and should be **GRANTED** as follows: To protect trade secret information, confidential business information, and private information related to this litigation, the Court hereby orders as follows:

1. **"Confidential Material."** As used in this Protective Order of Confidentiality, **confidential material** shall refer to **records** and/or things, in whatever form, the producing party reasonably believes is not in the public domain and contains, without limitation, any confidential, proprietary, trade secret, or commercial information, or private or personal information.

2. **"Records."** As used in this Protective Order of Confidentiality, **records** shall mean information that is in document form, inscribed or otherwise recorded on a tangible medium, or that is stored in an electronic or other medium and is retrievable in perceivable form. **Records** include both electronic records and printed, typewritten, and other tangible records.

3. **Scope.** This Protective Order of Confidentiality shall govern **confidential material** produced or disclosed in response to formal or informal discovery conducted in this matter. Nothing in this Protective Order of Confidentiality shall be deemed to preclude the parties' respective right to: (a) oppose discovery on grounds not addressed in this Protective Order of Confidentiality, or (b) object on any ground to the admission of any **confidential material** into evidence at trial. Further, nothing contained in this Protective Order of Confidentiality shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the **confidential material** sought.

4. **Designation of Confidential Material.** A party may designate all or any portion of **records** and/or things it produces formally or informally to other parties to this litigation as **confidential material**. The designation of **confidential material** shall be made by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as "**confidential**" or "**confidential material**." **Confidential material** will be Bates stamped, if appropriate. All **records** and things designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order of Confidentiality until further order by the Court.

5. The inadvertent, unintentional, or *in camera* production of any **confidential material** shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the **confidential material** in question. If a party inadvertently produces any **confidential material** and/or inadvertently fails to redact **confidential material** not discoverable in this matter, the receiving party shall immediately return the **confidential material**, including all copies or reproductions thereof, to the producing party, and shall make no use of the **confidential material** for any purpose until further order by the Court.

6. **Objection to Designation.** If any party objects to the designation of any **record** or thing as **confidential material**, that party shall promptly notify all other parties in writing within sixty (60) days of receipt of the **confidential material**, specifying the factual and legal basis for the objection. The parties shall have a period of no longer than sixty (60) days to resolve the dispute by agreement. If the dispute is not resolved by agreement, it shall be submitted to the Court within thirty (30) days thereafter. Pending such determination by the Court (or the expiration of the period in which a party may make a challenge to an adverse ruling, if later), the **records** and/or things shall be maintained as **confidential material**.

7. **Access to Confidential Material**. Access to **confidential material** shall be limited to **authorized persons,** solely in the performance of their duties in connection with trial preparation of this case. **Authorized persons** are:

(a) Plaintiff, and counsel of record for Plaintiff, Defendants, and Intervenors (if any) to this civil action;

(b) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of Plaintiff and/or counsel of record for Plaintiff, Defendants, and/or Intervenors (if any) who have consented to this Protective Order of Confidentiality and signed the Promise of Confidentiality; and

(c) Experts retained by Plaintiff, Defendants, and/or Intervenors (if any) who have consented to this Protective Order of Confidentiality and signed the Promise of Confidentiality.

The party who grants access to **confidential material** to an **authorized person** identified in subparagraphs (b) or (c) of this paragraph shall be solely responsible for ensuring full compliance by said **authorized person** with this Protective Order of Confidentiality.

Access to **confidential material** shall not be given to any person or entity not specifically described above, including to members of the general public. But, nothing in this Protective Order of Confidentiality shall prohibit the producing parties from the confidential use of their own **confidential material** as they deem appropriate, and any such confidential use shall not destroy the confidentiality of the **confidential material** for this case.

**Authorized persons** shall not include any organization or entity that regularly maintains and/or disseminates documents or information (including abstracts or summaries), or any other **records** as a service to its members, subscribers, or others.

Without written consent or further order of this Court, **authorized persons** shall not provide access to **confidential material** to any competitor of Cooper Tire (i.e. entity involved in commercial research, development, production, or testing of tires), or current employee of such competitor of Cooper Tire or who, in the following two years, expects to be an employee of such a competitor.

8. **Promises of Confidentiality.** Each **authorized person** identified in subparagraphs 7(b) and (c) above who receives access to any **confidential material** shall first be given a copy of this Protective Order of Confidentiality and advised by Plaintiff or the counsel of record making the disclosure that such **authorized person** must not divulge any **confidential material** to anyone other than **authorized persons** in the preparation or trial of this lawsuit. The Promise of Confidentiality attached hereto as Exhibit A must be signed by each such **authorized person** receiving any **confidential material** in advance of receipt. A signed copy of each such Promise of Confidentiality shall be provided to each party within ten (10) days of execution. In the case of experts, the signed original of the Promise of Confidentiality shall be maintained by the disclosing counsel and a copy of same shall be provided to the parties by the earlier of: (a) ten (10) days after

the consulting expert is designated as a testifying expert in this lawsuit; or (b) thirty (30) days after the final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment) if the consulting expert is not designated as a testifying expert.

9.   **Storage of Confidential Material.  Authorized persons** shall maintain all **confidential material** in a secure location. The recipient of any **confidential material** that is provided under this Protective Order of Confidentiality shall use his/her/its best efforts to maintain such material in a reasonably secure and safe manner that ensures that access is limited to **authorized persons** under this Protective Order of Confidentiality. **Confidential material** may not be entered onto any electronic storage system, other than compact disc, and may not be transmitted via e-mail or other similar media.

10.   **Use of Confidential Material. Authorized persons** shall use the **confidential material** for the purpose of this lawsuit only.

(a)  Without limiting the generality of the foregoing sentence, **authorized persons** shall not produce, disclose, or otherwise utilize **confidential material** in any other litigation, whether or not that litigation involves parties to this case.

(b)  If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any **authorized person**, that **authorized person** will immediately notify the producing party, provide the producing party a copy of the subpoena or other discovery request, and will consent to and assist in obtaining an order from the appropriate court protecting the **confidential material** from being disseminated outside the scope of this Protective Order of Confidentiality.

11.   **Court Records.**  The parties intend that **confidential material** produced in this litigation shall not become part of the public record, except upon further order of the Court.

In the event that any **confidential material** is, consistent with the terms of this Protective Order of Confidentiality, used or disclosed in any hearing, trial, deposition, or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

In the event that any **confidential material** is in any way disclosed in any pleading, motion, transcript, videotape, exhibit, photograph, or other material filed with any court, the party intending to make such filing shall, after sufficient notification to the parties, file a motion to seal directed to the filing containing the **confidential material**. Upon entry of an Order from the Court allowing the **confidential material** to be filed under seal, the **confidential material** shall be filed in an attached sealed separate envelope containing the style of the case marked "CONFIDENTIAL MATERIAL Protected by Court Order," dated and kept under seal by the clerk of that court until further court order. Such **confidential material** shall, however, remain available to personnel authorized by that court and to **authorized persons**. When practicable, however, only the confidential portion of the pleadings filed with the court will be filed in a separate sealed envelope. If any **record** containing **confidential material** is furnished to any court, a duplicate copy with the discrete **confidential material** deleted may be substituted in the public record, if appropriate.

12. **Depositions.** If any **confidential material** is used or referred to during any deposition, any party may require that only **authorized persons**, the deponent, corporate representatives, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with **confidential material**. Within forty-five (45) days of receipt of the completed deposition transcript, each party shall designate by page and line the portions for which such claim is made, and give written notice of this designation to all

parties. This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by counsel for the parties. Pending such designation, the deposition transcript shall be treated in its entirety as **confidential material**. All exhibits to the deposition transcript previously designated as **confidential material** shall remain **confidential material** without need for designation. Those portions of the deposition which are designated as **confidential material** shall be bound separately under seal and prominently marked "confidential material subject to Protective Order." The portions of each deposition so designated shall be returned to the producing party within thirty (30) day of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment).

13. **Evidence at Trial.** Prior to seeking to introduce **confidential material** into evidence, Plaintiff, Defendants and Intervenors (if any) shall give sufficient advance notice to the Court and the parties to allow arrangements to be made for *in camera* treatment of the **confidential material**. Sufficient advance notice will be satisfied by Plaintiff, Defendants or Intervenors (if any) filing his/her/its exhibit list. In the event a transcript of the trial is prepared, any party may request that certain portions thereof, which contain **confidential material**, be filed under seal.

14. **Improper Disclosure**. Should any **confidential material** be disclosed to any unauthorized person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order of Confidentiality by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order of Confidentiality; (b) shall be identified immediately to the parties; and (c) shall be directed, if within control of a party or his/her/its counsel, or otherwise asked, to sign the Promise of Confidentiality (Exhibit A). Such unauthorized person may be required to surrender to the producing party all copies of **confidential material** in such unauthorized person's possession. The person or entity who caused the

unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Promise of Confidentiality and for all reasonable attorneys' fees, costs, and expenses associated with enforcement of this Protective Order of Confidentiality.

15. **Return of Confidential Material.** Within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), each party shall assemble and return to the producing party all **confidential material** produced, including all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind of such **confidential material,** whether in the possession of any party or **authorized person** who gained access to the **confidential material** or shall destroy all such **confidential material**, and, in either case, shall certify that fact to all parties. Accompanying the return of all **confidential material**, all parties shall provide executed Certifications in the form attached hereto as Exhibit B (executed by Plaintiff and each counsel for Plaintiff, Defendants, and/or Intervenors (if any)) and Exhibit C (executed by each expert and anyone else who had access to such **confidential material**). If upon the review of the returned **confidential material**, the producing party concludes that not all **confidential material** has been returned, the producing party will provide to the returning party a list of those **records** by bates stamp number which were not returned. If the returning party is unable to provide or locate those missing **records**, then the returning party shall execute an affidavit which states: (a) the bates numbers of those **records** that the returning party was unable to return; (b) that a diligent and thorough search was conducted of all **authorized persons** who gained access to the **confidential material** through the returning party and the returning party was unable to find said **confidential material**; and (c) the returning party does not have said **confidential material** in his/her/its

possession.  Such affidavit shall not relieve the returning party from their continuing obligation to return the **confidential material** as set forth in this paragraph.

**ORDERED by the Court this 10th day of March 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**PHALANZA S. FRANCISCO**                                                               **PLAINTIFF**

V.                                        **CIVIL ACTION NO.: 4:19-cv-04058-SOH-BAB**

**COOPER TIRE & RUBBER COMPANY**
**and UNITED STEEL WORKERS LOCAL 752**                       **DEFENDANTS**

### EXHIBIT A

### PROMISE OF CONFIDENTIALITY

State of _____ §
                                §
County of _____ §

       1.      My name is _____. I live at _____. I am employed as _____ by _____.

       2.      I am aware that a Protective Order of Confidentiality has been entered in the above-referenced lawsuit and a copy of that Protective Order of Confidentiality has been given to me.

       3.      I promise that I will use the **confidential material** as defined under that Protective Order of Confidentiality *only* in connection with assisting Plaintiff and/or counsel of record for Plaintiff, Defendants, and/or Intervenors in litigating this matter.

       4.      I promise that I will not disclose or discuss such **confidential material** with any person other than the parties, and/or counsel of record for the parties or members of their staff who are actively engaged in the preparation of this case.

       5.      I understand that, as a recipient of any **confidential material**, I shall use my best efforts to maintain such material in a reasonably secure and safe manner that ensures that access is limited to **authorized persons** under this Protective Order. I further understand that I am prohibited by the terms of the Protective Order of Confidentiality from entering any **confidential material** onto any electronic storage system, other than a compact disc. Specifically, I am prohibited from entering any **confidential material** onto any computer database and/or computer hard drive. I am also prohibited from transmitting **confidential material** via e-mail or other similar media.

1

6. I promise that I will not attempt or assist in any attempt to seek permission from any other court to access the **confidential material** produced in this matter for use in other litigation or for any other purpose.

7. I understand that any use of rthe **confidential material** I obtain, in any manner contrary to the provisions of the Protective Order of Confidentiality or this Promise of Confidentiality may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

8. I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order of Confidentiality**.**

9. I understand that violating the terms of the Protective Order of Confidentiality or this Promise of Confidentiality could result in civil sanctions levied by the Court, as well as criminal penalties under state or federal law.

10. Within twenty (20) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), I will return to the producing party, through delivery to Plaintiff and/or counsel of record representing Plaintiff, Defendants, and Intervenors from whom I received the **confidential material** in this case, all **confidential material**, including all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind thereof, along with my executed Certification of Confidential Document Return confirming the return of said **confidential material**. I promise that under no circumstance will I retain any originals or duplicate of any such **confidential material**. I assume all responsibility for returning the **confidential material**, as set forth herein, and I bear all risks associated with the purported loss, destruction, or inadvertent disclosure of such **confidential material** that has been entrusted to my care. My failure to return all such **confidential material** and/or to provide the notarized affidavit described above will be deemed a disclosure of the **confidential information** in violation of the Protective Order of Confidentiality and this Promise of Confidentiality, which may subject me to sanctions. I expressly agree to pay all reasonable attorneys' fees, costs, and expenses associated with enforcement of this paragraph in order to obtain my compliance with it, in addition to any sanctions the Court may impose.

_____          _____
Signature                                                                                              Date

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

**PHALANZA S. FRANCISCO**                                                              **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO.: 4:19-cv-04058-SOH-BAB**

**COOPER TIRE & RUBBER COMPANY**
**and UNITED STEEL WORKERS LOCAL 752**                      **DEFENDANTS**

**EXHIBIT B**

**<u>Attorney's Certification of Confidential Document Return or Destruction</u>**

1. My name is _____. I am counsel of record for _____ in the case styled _____ (the "Lawsuit").

2. Pursuant to the requirements set forth in the Protective Order of Confidentiality, I have fulfilled each of my obligations imposed thereby, specifically:

    A. I have returned to counsel for the producing parties or destroyed all items produced subject to the Protective Order of Confidentiality in the Lawsuit, and all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind thereof (collectively referred to herein as "Confidential Material"), as required by the Protective Order of Confidentiality.

    B. In compliance with Paragraph 9 of the Protective Order of Confidentiality, I have confirmed that no Confidential Material was intentionally or inadvertently entered on portable electronic or magnetic media (other than compact disc), computer databases and/or computer hard drives. If I discovered that Confidential Material was entered on such media, databases, and/or hard drives, I confirm that such Confidential Material was immediately deleted and written over and destroyed. I have provided to the producing party the originals and all copies of any compact disc on which Confidential Material was produced to me.

    C. As part of my return or destruction of Confidential Material, I have gathered from each person to whom I have given access all Confidential Material in such person's possession. Each such person has executed his own certification attesting that (1) all Confidential Material has been returned to me, and that (2) the person in question did not make Confidential Material available to any other person or entity. Those certifications are attached hereto.

    D. I have not made any Confidential Material, any copies thereof, or any document or thing that reflects or contains Confidential Material, available to any other person or entity.

3. I understand that I have a continuing obligation under the Protective Order of Confidentiality to locate and immediately return or destroy any Confidential Material that was produced to me in this lawsuit.

4. I understand that any breach of my obligations under the Protective Order of Confidentiality will subject me to all common law and statutory remedies, as well as civil sanctions levied by this Court.

Date: _____

Signature: _____

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

**PHALANZA S. FRANCISCO**                                                            **PLAINTIFF**

V.                                                **CIVIL ACTION NO.: 4:19-cv-04058-SOH-BAB**

**COOPER TIRE & RUBBER COMPANY**
**and UNITED STEEL WORKERS LOCAL 752**                  **DEFENDANTS**

**EXHIBIT C**

**Expert's/Authorized Person's Certification of Confidential Document Return**

1.     My name is _____. I work at _____.

2.     I have received access to materials (including documents, transcripts and/or other things) protected by the Protective Order of Confidentiality (collectively referred to herein as "Confidential Material") entered in the above-styled case (the "Lawsuit").

3.     I have returned all Confidential Material and all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions thereof to _____.

4.     In compliance with Paragraph 9 of the Protective Order of Confidentiality, I have confirmed that no Confidential Material was intentionally or inadvertently entered on portable electronic or magnetic media (other than a compact disc), computer databases and/or computer hard drives. If I discovered that Confidential Material was entered on such media, databases, and/or hard drives, I confirm that such Confidential Material was immediately deleted and written over and destroyed. I have returned to the individual identified in paragraph 3 above the originals and all copies of any compact disc provided to me containing Confidential Material.

5.     I have not made any Confidential Material, any copies thereof, or any document that reflects or contains Confidential Material, available to any other person or entity.

6.     I understand that I have a continuing obligation under the Protective Order of Confidentiality to locate and immediately return any Confidential Material thereof that was produced in this lawsuit.

7.     I understand that any breach of my obligations under the Protective Order of Confidentiality will subject me to all common law and statutory remedies, as well as civil sanctions levied this Court.

Date: _____

Signature: _____